UNITED STATES of America,
Plaintiff in Error,

v.

HOME FEDERAL SAVINGS & LOAN AS-
SOCIATION OF TULSA, a corporation, Al-
phonzo Williams, State of Oklahoma ex rel.
Oklahoma Employment Security Commis-
sion, Evert Smith, d/b/a Asphalt Associ-
ates, D. E. Rigney and Estate of Eugene W.
Reynolds, Defendants in Error.

No. 41348.

Supreme Court of Oklahoma.

July 12, 1966.

Rehearing Denied Sept. 20, 1966.

Jackson, V. C. J., and Davison, Hodges and Lavender, JJ., dissented.

For dissenting opinion see 418 P.2d 329.

See also 418 P.2d 319.

Richard M. Roberts, Acting Asst. Atty. Gen., Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Joseph Kovner, Meyer Rothwacks, Alec A. Pandaleon, J. Edward Shillingburg, Attorney, Department of Justice, Washington, D. C., John M. Imel, U. S. Atty., Sam E. Taylor, Asst. U. S. Atty., of counsel, for plaintiff in error.

Houston, Klein & Davidson, James R. Jessup, Edward L. Jacoby, Tulsa, for Home Federal Savings and Loan Ass'n of Tulsa, defendant in error.

BERRY, Justice.

This appeal involves one of three judgments entered in the foreclosure actions, which are the subject of the appeal in cases Nos. 41,347, 41,349, Okl., 418 P.2d 319, this day decided. In this case the sum of $3,407.90 was due Home Federal Savings and Loan Association by reason of mortgagor's default upon the note and mortgage. The mortgage security was appraised at $7,000.00. Because of the statutory inhibition (12 O.S.1961, § 762) against selling property in aid of execution for less than two-thirds of the appraised value, the mortgagee was required to pay into court an additional $823.10 in excess of the amount due for principal and interest to satisfy the two-thirds requirement.

Since the amount mentioned was in excess of the mortgage indebtedness, this amount was deposited with the court clerk in compliance with the trial court's judgment, as a part of the residue to be held by the clerk pending the further order of the court.

The United States has conceded the priority of the judgment lien of D. E. Rigney, which was entered in 1961, over the tax assessments which arose thereafter by filing of the federal tax liens. And, the Rigney lien was a valid and subsisting lien before the state taxes involved were perfected as liens against the tax debtor. The Rigney lien being superior in respect to all liens except that of the mortgagee, the excess payment above principal and interest represented a residue in the hands of the court clerk which was subject to application in order to discharge that lien.

The trial court's judgment directing the residue resulting from the foreclosure sale to be held by the court clerk until further order of the court was correct, and that judgment is affirmed.

HALLEY, C. J., and WILLIAMS, BLACKBIRD and IRWIN, JJ., concur.

JACKSON, V. C. J., and DAVISON, HODGES and LAVENDER, JJ., dissent.